IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| **GARY LEE BROOKS,**<br><br>        Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>        Respondent. | **No. 11-CV-4096-DEO**<br><br>**ORDER** |

_____

## I. INTRODUCTION

This matter is before this Court on Petitioner, Gary Lee Brooks' [hereinafter Mr. Brooks], 28 U.S.C § 2255 Petition, Docket No. 1, and Supplemental Motion to Vacate, Set Aside, or Correct Sentence, Docket No. 15.  The parties appeared for hearing on April 22, 2013.  After listening to the parties' arguments, the Court took the matter under consideration and now enters the following.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On November 19, 2009, a Grand Jury returned a three-count Indictment against Mr. Brooks.  The Grand Jury charged Mr. Brooks with (Count I) conspiracy to distribute and possess with the intent to distribute: (a) 50 grams or more of actual (pure) methamphetamine, (Count II) possession with intent to

distribute and aid and abet the possession with the intent to distribute 50 grams or more of methamphetamine mixture containing 5 grams or more of actual (pure) methamphetamine within 1,000 feet of a protected location, and (Count III) forfeiture of property and proceeds from Count I and Count II.

Mr. Brooks was initially represented by Public Defender Michael Smart. Attorney David Eastman took over Mr. Brooks' representation on April 24, 2009. On April 5, 2010, Mr. Brooks appeared before this Court and plead guilty pursuant to <u>N. Carolina v. Alford</u>, 400 U.S. 25 (1970), to Counts I and II of the Indictment. Because Mr. Brooks plead to 50 grams of actual (pure) methamphetamine, the statutory mandatory minimum was 120 months as set forth in 21 U.S.C. § 841(b)(1)(A)(viii). This Court sentenced Mr. Brooks to the statutory minimum, 120 months' imprisonment on Count One, and 120 months' imprisonment on Count Two of the Indictment, to be served concurrently, and ten years supervised release on Count One and eight years supervised release on Count Two of the Indictment, to be served concurrently.

Mr. Brooks appealed his case to the 8th Circuit Court of Appeals. Mr. Brooks' appeal appears to have raised one issue.

2

The 8th Circuit stated, "[Mr. Brooks' appellate counsel] has filed a brief under Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), raising the argument that the government acted in bad faith in refusing to move under 18 U.S.C. § 3553(e) for a sentence reduction based on substantial assistance." United States v. Brooks, 415 F. App'x 731 (8th Cir. 2011). The 8th Circuit denied Mr. Brooks' appeal, stating "[t]he challenge to the sentence is unavailing: there is no indication in the record that the government's decision not to move for a sentence reduction was improper... [h]aving independently reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm." Brooks, 415 F. App'x at 731.

On October 31, 2011, Mr. Brooks filed the present pro se Petition for habeas relief. After considering Mr. Brooks' pro se filing, this Court entered an Initial Review Order on the same date. In that Initial Review Order, the Court sua sponte appointed Mr. Brooks counsel. Attorney Jay Denne was appointed to represent Mr. Brooks. Shortly after being appointed, Mr. Denne filed a Motion to Withdraw, stating he had discovered a conflict of interest when reviewing discovery

3

in Mr. Brooks' case. The Court granted his Motion to Withdraw and appointed Mr. Douglas Roehrich as Mr. Brooks' new attorney. Mr. Roehrich filed a Supplemental Petition and Brief on March 12, 2012.

**III. STANDARD**

28 U.S.C. § 2255(a) provides,

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

**IV. ISSUES**

Mr. Brooks' initial pro se Petition, Docket No. 1, raises several issues. The Government's brief sets out Mr. Brooks' pro se issues as: (I) the sentencing court erred by imposing a 10 year mandatory minimum on Count One of the Indictment; (II) Insufficient evidence existed to convict Movant under Title 21, United States Code, Section 860 and Title 18, United States Code, Section 2; (III) the government lacked subject

4

matter jurisdiction to prosecute Movant under Title 21, United States Code, Section 846 in Count Two of the Indictment; (IV) Movant's sentence was illegal pursuant to the double jeopardy clause; (V) the Court erred in the application of sentencing guidelines and did not have subject matter jurisdiction to impose a sentence under Title 21, United States Code, Section 860; (VI) the government lacked subject matter jurisdiction to prosecute Movant on Count One of the Indictment; and (VII) Title 21, United States Code, Section 861(a) does not grant jurisdiction of the subject matter unless the evidence supports the statutory language and that Title 21, United States Code, Sections 846 and 860(a) and Title 18, United States Code, Section 2 are "convoluted" and "mind bogling (sic). (See Docket No. 1, p. 14-15.) After laying out the issues individually, Mr. Brooks asserts that each also shows ineffective assistance of counsel.

Mr. Brooks' appointed attorney filed a Supplemental Petition and Brief in this case which raises and briefs one issue, ineffective assistance of counsel related to Mr.

5

Brooks' guilty plea.[1]  The Court will address these issues in turn.

**V. ANALYSIS**

    **A.  Pro Se Issues**

As set out above, Mr. Brooks' pro se pleading raises seven different grounds for relief.  The Government argues that Mr. Brooks failed to exhaust these issues on direct appeal.

"Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice..., or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice..." <u>Ramey v. United States</u>, 8 F.3d 1313, 1314 (8th Cir. 1993) (internal citations omitted).

There is no evidence in the record presently before the Court that Mr. Brooks raised the seven issues set out above on direct appeal.  Accordingly, Mr. Brooks must show the cause of

---

[1] Mr. Roehrich states in the Supplemental Petition and Brief that, while he does not expound upon Mr. Brooks' pro se arguments, those arguments are not waived.  Docket No. 15, p. 5.

6

those issues and the resulting prejudice or that the errors resulted in miscarriage of justice.  Id.  Mr. Brooks has failed to make such a showing; nor has Mr. Brooks alleged any related issue, such as new evidence or actual innocence. ("A claim of actual innocence serves as a gateway for the petitioner to argue his or her other claims before the habeas court." Golden v. United States, 2013 WL 452862 (N.D. Iowa 2013)(citing House v. Bell, 547 U.S. 518, 536-37 (2006)).) Accordingly, those seven issues are procedurally barred in this habeas case.

Mr. Brooks also argues that these issues represent ineffective assistance of counsel.  The Court has considered the issues on their merits, using the ineffective assistance standard discussed below, and, to the extent the issues have merit, has found no prejudicial error.  Mr. Brooks' pro se issues must be denied.

**B.  Ineffective Assistance of Counsel**

The primary issue raised in Mr. Brooks' Supplemental Petition is ineffective assistance of counsel related to the guilty plea.

"[T]he right to counsel is the right to effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 (1970). The Fourteenth Amendment Due Process Clause guarantees the right to a fair trial. Strickland v. Washington, 466 U.S. 668, 684-85 (1984). The Sixth Amendment guarantees the right to assistance of counsel. U.S. Const. Amend. VI. In Strickland, the Supreme Court elaborated on the relationship between the Fourteenth and Sixth Amendments:

> The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

466 U.S. at 686.

The moving party must demonstrate two components to establish ineffective assistance of counsel: (1) counsel's conduct was deficient, and (2) prejudice. 466 U.S. at 687. Counsel's conduct is deficient when it is unreasonable "under prevailing professional norms." Padilla v. Kentucky, 130 S. Ct. 1473, 1481 (2010) (quoting Strickland, 466 U.S. at 688). Counsel's conduct is prejudicial if "counsel's errors" are so serious that they "deprive the defendant of a fair trial . . . ." 466 U.S. at 687. In other words, a petitioner must show

8

"there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. A reasonable probability does not require a different outcome be proven by a "preponderance of the evidence" but does require "a probability sufficient to undermine confidence in the outcome." Id.

The Strickland standard is applicable to counsel's advise regarding pleas of guilty. As the Supreme Court has stated:

> The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant... Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

Hill v. Lockhart, 474 U.S. 52, 56 (1985)(internal citations omitted).

In this case, Mr. Brooks argues that his plea was involuntary because the evidence failed to establish he conspired to distribute 50 grams of methamphetamine, and his counsel was ineffective for advising him to plead guilty to

9

that amount. In his brief, Mr. Brooks argues that:

> The drug quantity of 50 grams of pure methamphetamine in Count I, however, was not supported by the evidence and ultimately was not even the drug quantity that U.S. Probation attributed to the defendant by a preponderance of the evidence in the pre- sentence investigation report. Counsel would have had all of the laboratory reports and police reports available prior to the defendant's plea and presumably he was fully aware of the facts. Although it is arguable that the methamphetamine discovered in the motel room could possibly have been found by a jury to be attributable to the defendant, this would have been a stretch considering that such a finding would not have been supported by anything other than that the defendant had obtained a quantity of methamphetamine from the women who rented the motel room.
>
> Also, it is not only the element of drug quantity that is questionable here but whether or not the government had the evidence to prove beyond a reasonable doubt that the defendant was a knowing and voluntary member of a conspiracy to distribute methamphetamine. A single purchase of methamphetamine that he intended to distribute to others does not establish that the defendant was a member of a conspiracy with the individuals he purchased his methamphetamine from. Should a conspiracy even be proven there has to be a voluntary participation in the conspiracy, which is something Brooks apparently disputed in this case.

Docket No. 15, p. 8-9. Mr. Brooks concludes by saying:

> Under the circumstances of this case, both

10

> prongs of the Strickland test are met.
> Trial counsel failed to perform an
> essential duty when he advised the
> defendant to plead guilty to being
> responsible for a drug quantity of 50 grams
> or more of pure methamphetamine when the
> evidence did not support such a quantity
> beyond a reasonable doubt. In regard the
> second prong of the Strickland test, Brooks
> was prejudiced because his plea resulted in
> a statutory mandatory minimum sentence of
> 10 years. Had he pled guilty to the
> correct drug quantity that was less than 50
> grams of pure methamphetamine the statutory
> mandatory minimum sentence would have been
> five years instead of 10 years.
> Considering that his federal sentencing
> guideline range was 70 to 87 months, the
> defendant would definitely have received a
> sentence of less than 10 years if he was
> sentenced within this range. Nothing from
> the record appears to support any potential
> that the Court would have varied upwards
> from the guideline range up to 10 years.
> Consequently, ... Gary Brooks' plea was not
> made knowingly or voluntarily...

Docket No. 15, p. 9-10.

It appears to the Court that Mr. Brooks' essential argument is this: Mr. Brooks bought 33.97 grams of actual methamphetamine from two women. Mr. Brooks was arrested before he could do anything with the methamphetamine.[2] Mr. Brooks was subsequently charged with conspiracy to distribute more than 50 grams, based on the methamphetamine on his person

---

[2] He alleges it was for personal use, while the Government argues that quantity was for distribution.

and the methamphetamine that was in the hotel room where the two women he purchased his methamphetamine from where located.[3] Mr. Brooks argues that a jury would not have imputed the methamphetamine found in the hotel room to him. Consequently, he argues that it was an error for his trial counsel to allow him to plead guilty to a quantity in excess of 33.97, the amount in his personal possession at the time of the arrest. For the purposes of this habeas case, it is undisputed that Mr. Brooks had 33.97 grams of actual methamphetamine in his actual possession, and the hotel room contained in excess of 50 grams of actual methamphetamine. Additionally, it is undisputed that officers arrested Mr. Brooks and raided the motel room on the same day. Instead, Mr. Brooks' contention is simply that attributing the methamphetamine in the hotel room to Mr. Brooks would be a "stretch" because this was the first time he purchased methamphetamine from the hotel room.

Mr. Brooks argues, ultimately, that he was not part of any conspiracy because he only made one purchase for personal use. To prove a conspiracy, the government must show that (1) a conspiracy existed, (2) that the defendant was aware of the

---

[3] Mr. Brooks alleges he never visited the hotel room.

12

conspiracy and its purpose, and (3) that the defendant knowingly joined the conspiracy. United States v. Rolon-Ramos, 502 F.3d 750, 754 (8th Cir. 2007). "The conspiracy's existence may be proved by direct or circumstantial evidence." Id. "[A] defendant may be convicted for even a minor role in a conspiracy, so long as the government proves beyond a reasonable doubt that he or she was a member of the conspiracy." United States v. Lopez, 443 F.3d 1026, 1030 (8th Cir. 2006). "The agreement need not be formal; a tacit understanding will suffice." United States v. McCarthy, 97 F.3d 1562, 1568 (8th Cir. 1996). "The relationship of buyer and seller absent any prior or contemporaneous understanding beyond the mere sales agreement does not prove a conspiracy...." United States v. Prieskorn, 658 F.2d 631, 634 (8th Cir. 1981). However, a large quantity of drugs, rather than amounts consistent with personal use, supports an inference that the defendant knew "he was part of a larger venture that extended beyond his participation." Id. at 634-35 (internal citation omitted).

As stated in the Government's brief, had Mr. Brooks proceeded to trial, the Government would have offered the drugs found in the hotel room and evidence of the conspiracy. The Court cannot predict exactly what a jury would have said in those circumstances. Luckily, the Court need not make that determination, because the standard outlined above asks the Court only to determine if the attorney's conduct was deficient and if the deficiency was prejudicial.

Under these facts, the Court cannot say that Mr. Brooks' counsel was deficient. As noted in the Government's brief, the Government had evidence that Mr. Brooks had a significant quantity of drugs on his person, that he had purchased those drugs to distribute, and the hotel room contained enough methamphetamine to take Mr. Brooks' quantity over 50 grams of actual methamphetamine.

Mr. Eastman, Mr. Brooks' trial counsel, stated that the 8th Circuit has found even a single purchase sufficient to be considered part of a methamphetamine conspiracy. Docket No. #18, Att. 1, p. 5. Accordingly, Mr. Eastman thought it was likely that Mr. Brooks would be convicted as part of the conspiracy and would not receive acceptance of responsibility if he continued to trial. The Court believes Mr. Eastman made

14

a reasonable, strategic choice given those facts. Accordingly, the Court cannot say that Mr. Eastman's performance was deficient when he advised Mr. Brooks to plead to the charges. Similarly, the Court cannot say that Mr. Eastman's performance prejudiced Mr. Brooks. Had Mr. Brooks proceeded to trial, he may well have been convicted. Had a jury convicted Mr. Brooks of conspiracy to distribute over 50 grams of methamphetamine, he would not have received credit for acceptance of responsibility. Without that credit, Mr. Brooks may have received an even higher sentence. Accordingly, Mr. Brooks has failed to show either deficiency or prejudice under the <u>Strickland</u> standard and his Petition must be denied.

**VI. CERTIFICATE OF APPEALABILITY**

Under the Code, in most situations, a party must receive a Certificate of Appealability before that party can appeal a district court's ruling on a habeas petition to the circuit court.[4] 28 U.S.C. §2253(c)(2) gives the District Court discretionary power to grant a Certificate of Appealability. Under that section, the Court should only issue a certificate of appealability if "the applicant has made a substantial

---

[4] See, generally, 28 U.S.C. §2253.

15

showing of the denial of a constitutional right." <u>Slack v. McDaniel</u>, 529 U.S. 473, 482 (2000)(citing 28 U.S.C. § 2253(c)). In <u>Slack</u>, the Supreme Court defined "substantial showing" as follows:

> To obtain a [certificate of appealability] under §2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under <u>Barefoot</u> [<u>v. Estelle</u>, 463 U.S. at 894,], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" <u>Barefoot</u>, 463 U.S. at 893, and n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (sum[ming] up the "substantial showing" standard).

<u>Slack</u>, 529 U.S. at 483-84. <u>See</u> <u>also</u> <u>Garrett v. United States</u>, 211 F.3d 1075, 1076-77 (8th Cir. 2000).

Mr. Brooks' counsel briefed one primary issue in the Supplemental Petition, ineffective assistance of counsel related to the guilty plea. Even though the Court is satisfied with its ruling, the Court is persuaded that it is possible that "reasonable jurists could debate whether...the petition should have been resolved in a different manner". <u>Slack</u>, 529 U.S. at 483-84. The existence of the circuit courts and the Supreme Court is a testament to the fact that

16

district courts are not infallible. The Court's decision in this case was a judgment call, and this Court is of the opinion that all its judgment calls should be reviewable. Mr. Brooks' claim is sufficiently well founded that a review would be appropriate.

The case of <u>Tiedeman v. Benson</u>, 122 F.3d 518 (8th Cir. 1997) states that in granting a Certificate of Appealability, this Court must state the issues upon which the applicant may have made a substantial showing of the denial of his constitutional rights. Accordingly, Mr. Brooks' may appeal the ineffective assistance of counsel claim briefed by his current attorney, Mr. Roehrich.

## VII. CONCLUSION

Mr. Brooks' Petition for habeas relief is denied. The Clerk of Court shall issue a certificate of appealability as provided above.

**IT IS SO ORDERED** this 29th day of October, 2013.

_Donald E. O'Brien_
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa